Mary West OWENS, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–12621.

Criminal Court of Appeals of Oklahoma.

Nov. 26, 1958.

Carl Wever, J. C. Cornett, Pawhuska, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Owen J. Watts, Asst. Atty. Gen., for defendant in error.

NIX, Judge.

The plaintiff in error, hereinafter referred to as the defendant, was charged by information with the crime of possession of a narcotic drug, in the District Court of Osage County.

The defendant was found guilty by a jury. The jury was unable to agree upon the punishment and left the same to the trial judge who sentenced the defendant to a term of 15 months in the Oklahoma State Penitentiary.

The defendant appeals to this court upon one assignment of error asserting that the punishment imposed by the court is excessive and cruel.

The evidence points overwhelmingly to defendant's guilt. It reveals that she was taken into custody after having been found in an alley of the City of Pawhuska, in what appeared to be an intoxicated condition. She was taken to the city jail by police officers. Upon being searched it was discovered she was carrying fragments of two white tablets and some powder which was later analyzed and found to be a narcotic drug.

The defendant denied having any recollection as to where she obtained the drug. She also admitted she had at one time been addicted to morphine, having acquired the habit 20 years ago while taking care of her mother who had cancer and was using the drug for pain relief.

She testified that she had been off narcotics for about 4 years, but used barbiturates instead and on the date of her arrest she had taken pills known as Tuianal which affected her as though she was drunk. She testified she needed the sedatives to subdue the pain being suffered as a result of bruises obtained in a fight with her husband. There was no denial of the charges by the defendant.

A thorough review of the record presents no questions as to evidence being sufficient to support the guilty verdict of the jury. The punishment was assessed by the trial judge who evidently was thoroughly familiar with the facts and circumstances, and it is to be presumed from the record that he was acquainted with the defendant.

This type case depicts tragedy in its worst form, for actually the crime is committed against one's self more so than against society. No doubt in assessing the punishment the trial judge had in mind confining the defendant long enough to withdraw from her addiction. There can be no doubt that confinement in an institution equipped to treat such addiction would be far more beneficial than incarceration in the state penitentiary. However, the state as yet has not provided for such facilities. It has long been recognized by the medical profession that alcoholism and an addiction to narcotics is to be treated as a disease, and this type case which is not at all uncommon exemplifies the growing need for the creation of adequate facilities in connection with the mental health program, to effect treatment and cure of these people. The penalty of the law cannot be too severe on the sellers of narcotics who thrive off the misfortune of their victims. The victims become a wretched detriment to society and to themselves. However, little doubt could exist that treatment and cure would serve

a much greater purpose than continued prison punishment. The Federal government has long recognized the need for hospital care instead of prison incarceration and have provided such facilities. Legislative action on a state level would be warmly received. However, until such steps are taken the trial courts have no alternative.

■■■■ Having all the facts in mind, the trial judge sentenced defendant to 15 months imprisonment in the Oklahoma State Penitentiary. We find nothing in the record to justify us in substituting our opinion for his and modifying the sentence, and it now becomes a matter of clemency; the avenue of which is always open.

The judgment and sentence of the trial court is therefore affirmed.

BRETT, P. J., and POWELL, J., concur.